Wilde, J.
By the agreed statement of facts, it is admitted that John Lindsey died, seized of the demanded premises, in the year 1791, having purchased the same, in the year 1781, of Robert Lindsey. The tenant is one of the heirs of said *411 John Lindsey, and has the elder title; so that, as to his share of the premises, this action cannot be maintained, unless the demandant has acquired a paramount title by disseizin. It is not expressly agreed that either John Lindsey or his heirs have ever been disseized; but it does appear by the statement of facts, that the demandant, and those from whom she derives her title, have had a continuous possession for more than twenty years, and that, at the May term of this court, in 1839, the demandant recovered judgment, in an action of trespass against the tenant, for breaking and entering her close; the same being the demanded premises. This, undoubtedly, is good evidence of the demandant’s right of possession; but it is no conclusive proof of her right of property, or of her title to maintain a writ of entry. If she has any such title, it is derived from Jonathan W. Willard, who went upon the premises in 1802, and remained there for three or four years. But it is not agreed that his possession was adverse to the heirs of Lindsey. On the contrary, the tenant’s counsel contend that it is to be presumed that he occupied by the permission of John Sizer, who, in 1801, occupied a part of the premises under a contract with the widow of John Lindsey. However this may be, we are certainly not authorized to presume the fact; nor are we authorized to presume any fact to the contrary, namely, that Willard’s possession was adverse to the heirs of Lindsey, or that it was such, in other respects, as would amount to a dis-seizin. In 1808, however, Nathan Storrs levied an execution on the premises, as the property of the said Willard; and the possession under that levy was undoubtedly adverse to the heirs of Lindsey.
But it is denied, by the tenant, that the levy was valid to pass any title to the land, it not having been levied thereon, but only on the house or shop thereon standing.
It, however, appears, by the return of the execution, that it was leyied on the shop or building of the execution debtor, as ms real estate; which would pass his title, such as it was, to the land on which the building stood. But it also appears, by the return of the execution, that at the time of the levy, John *412 Sizer was in possession of the premises; and it does not appear that Sizer was ousted, or his possession interrupted. And it is agreed that the said Sizer was in possession in 1808, and for two or three years after. After he quitted the possession, Williams entered and enclosed the premises; and from that time, and not before, the demandant has proved, by the deeds and facts agreed, a continuous adverse possession, up to the time when the tenant entered and took possession. The exact dates are not stated; but Williams’s possession did not commence until after his purchase from Storrs, which was in November 1809; and the tenant entered and took possession five or six years before the time when the facts were agreed, so that it is clear that the demandant has not proved a continuous exclusive adverse possession for the term of thirty years ; for she does not prove any connection between the possession of Williams and that of Sizer, nor between the possession of Sizer and that of Willard ; and, since the tenant’s entry, the demandant has had no actual possession, but only a right of possession. '
It has been argued, that the presumption is, that Sizer entered under Willard; but there is no ground for such a presumption. If we were authorized to make any presumption or inference from the facts agreed, it would be that Sizer’s possession, in 1808, was the renewal of his possession in 1801, when he entered by the permission of John Lindsey’s widow; and that Willard entered by a like permission, or by the permission of Sizer ; and that the possession of neither was adverse to the heirs of Lindsey. But, independently of these presumptions, and all other presumptions of fact, we are of opinion that this action cannot be maintained. The tenant has the right of property; as his is the elder and better title, which, when this action was commenced, was not barred by the statute of limitations. Williams entered after November 1809, and this action was commenced in May 1839. So that if the demandant, and those from whom she derives her title, had had possession the whole time, the tenant’s right of action would not have been barred. The possessions of Willard and *413 of Storrs cannot be added, to make out the thirty years ; for the possession of Sizer intervened. And to bar the tenant’s right of action, there must have been thirty years of continuous adverse possession under privity of title in the several occupants.
It is, however, objected, that the tenant’s entry was unlaw ful, and that, therefore, he is not remitted to his ancient title And this, it is true, is the strict rule of the common law. The tenant, therefore, could not justify his entry, under his ancient right, in an action of trespass. But it does not follow that he has no defence in this action ; for, although the tenant is not remitted to his ancient right, he did not, by his entry, forfeit his right of action. If, therefore, the demandant should recover in this action, the tenant might, on his ancient title, recover back the same premises, if not barred by the statute of limitations. It was not so barred when this action was commenced, and this case must be decided according to the existing rights of the parties at that time. For this reason, and to avoid circuity of action, the demandant is estopped to set up her claim against the tenant. To allow such a circuity of action, would only serve to increase expenses, and to prolong litigation, and would be a reproach to the law and the administration of justice. This law of estoppel, or rebutter, to avoid circuity of action, is well established; as where a party conveys land with warranty, to which he has no title, and afterwards acquires a good title by descent or purchase, and thereupon brings an action against his grantee to recover the land. In such a case, the demandant has a good title to the land, and no title passed by his deed to the grantee: yet, as he would be liable on his warranty for the value of the land, if he should recover, the principle of avoiding circuity of action interposes, and rebuts and bars his right. The same principle interposes in the present case.
But it is objected, that the tenant has not a legal title to the whole of the demanded premises, as the deeds to him, from the other heirs of John Lindsey, passed no title, they being disseized when they were given.
It is true that no title passed by these deeds, except by way *414 of estoppel. But they were valid as between the parties ; and the tenant would be authorized to maintain an action in their names, to recover possession of the premises, and thereupon to hold the same to his own use, by an indefeasible title. He is tierefore substantially entitled to the whole estate. We are therefore of opinion that he is entitled to the possession of the whole, notwithstanding this formal objection.

Judgment for the tenant.